THE STATE ex rel. LABER v. HAWES et al.,
Appellants.

### In Banc, November 3, 1903.

Officer: HOLDOVER: REMOVAL WITHOUT CAUSE. Under the police law
for St. Louis, a patrolman who has served the term for which he
was appointed, and thereafter holds over, can be removed at any
time. He is not entitled to another term of four years on the
theory that by being permitted to continue in office after his term
expired he was, by implication, reappointed for another term.

Appeal from St. Louis City Circuit Court.—*Hon. S. P.
Spencer*, Judge.

REVERSED.

*C. W. Bates* and *Wm. F. Woerner* for appellants.

*A. A. Paxson* for respondent.

GANTT, J.—This is a proceeding by mandamus
for the salary of the relator and five others, as patrol-
men.

They had all fully served their appointed terms,
and were simply holdovers when they were removed.
The circuit court allowed the claim of Laber from
October 17, 1895, to November 1, 1895, at the rate of
$83.33 1-3 a month; of P. D. Westervelt from Septem-
ber 15, 1894, to September 23, 1896, and of James W.
Young from October 17, 1895, to November 1, 1897, and
denied the claims of the other three, and defendants
appealed.

Laber was appointed a regular patrolman on No-
vember 1, 1887, for a term of four years and served
until October 17, 1895.

Westervelt was appointed a regular patrolman June 14, 1875, resigned June 14, 1881; was appointed a special June 15, 1884, and was dropped September 15, 1894.

Young was appointed a patrolman November 1, 1889, for a term of four years, which he fully served, and held over until October 17, 1895, when he was dropped.

They all claim reappointments by implication. The judgment in their favor was erroneous. [State ex rel. Rife v. Hawes, ante, p. 360.] It is, therefore, reversed, and the writ quashed.

All concur.